IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARINA WEAHUNT

       Plaintiff,                    No. CIV S-10-2299 KJM GGH PS

    vs.

CALIFORNIA RECONVEYANCE COMPANY

       Defendant.              <u>ORDER</u>

_____/

       Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). Plaintiff initially filed her complaint on August 27, 2010 and paid the filing fee. (Dkt. No. 1.) On December 16, 2010, plaintiff requested that the Clerk enter default against defendant California Reconveyance Company ("CRC") on the basis that CRC did not file a responsive pleading or otherwise defend the suit. (Dkt. No. 11.) Subsequently, on January 24, 2011, the Clerk entered default against CRC. (Dkt. No. 13.) After the matter was inactive for several months, on November 21, 2011, the court ordered plaintiff to move for a default judgment with 28 days. (Dkt. No. 14.) The court cautioned plaintiff that failure to do so would result in a recommendation that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). (<u>Id</u>.)

\\\\\

1

On December 12, 2011, plaintiff filed a motion for default judgment without noticing the motion for hearing. (Dkt. No. 15.) On December 13, 2011, plaintiff filed another motion for default judgment noticed for hearing on January 5, 2012. (Dkt. No. 16.) The next day, on December 14, 2011, the court vacated the January 5, 2012 hearing by minute order, explaining that the motion was improperly noticed under E.D. Cal. L.R. 230(b).[1] (Dkt. No. 17.) Subsequently, on December 30, 2011, plaintiff filed a "motion for hearing without appearance," essentially requesting that the court decide the motion on the papers. (Dkt. No. 18.)[2]

After reviewing the papers in support of the motion, the court concludes that oral argument would not be of material assistance in resolving the motion. Accordingly, the court will grant plaintiff's request and decide the motion on the papers submitted.

To obtain a default judgment, plaintiff must show that defendant CRC was properly served with process. In the case of a corporation or other business entity, service must be effectuated in accordance with Fed. R. Civ. P. 4(h), which provides, in part, that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [which permits "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process

---

[1] E.D. Cal. L.R. 230(b) provides, in part, that a motion "shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard *not less than twenty-eight (28) days after service and filing of the motion.*" (emphasis added)

[2] In the alternative, plaintiff requested that she be allowed to appear by telephone. (Dkt. No. 18 at 2.)

and – if the agent is one authorized by statute and the statute so
requires – by also mailing a copy of each to the defendant....

Fed. R. Civ. P. 4(h).  Service of process on a corporation under California law requires service on an agent designated for service of process; service on a president, chief executive officer or other head of the corporation, vice president, secretary, assistant secretary, treasurer, assistant treasurer, controller, chief financial officer, or general manager; or service on a person authorized by the corporation to receive service of process.  See Cal. Civ. Proc. Code § 416.10.  Alternatively, service may be effectuated by leaving a copy of the summons and complaint during office hours with a "person who is apparently in charge," and thereafter mailing a copy of the summons and complaint by U.S. Mail.  See Cal. Civ. Proc. Code § 415.20.

   Here, the return of service submitted by plaintiff indicates that the summons and complaint were left with an individual named "Petra Vasquez." (Dkt. Nos. 11 at 6, 15 at 4, 16 at 4.)  In her motions, plaintiff states that "Defendant was served with a Summons and a copy of Plaintiff's complaint by and through Petra Viazques, Process Server for Orange County." (Dkt. Nos. 15 at 2, 16 at 2, 18 at 1.)  There is no evidence before the court that this person is authorized to accept service on behalf of CRC, to show in what capacity this person is employed or affiliated with CRC (if at all), or that service was otherwise proper under Fed. R. Civ. P. 4(h).[3]  Accordingly, the motion for default judgment will be denied without prejudice, and the clerk's entry of default will be set aside.

   This action has now been pending for well over one year, and proper service of process has yet to be accomplished.  Plaintiff will be provided one final opportunity to complete service of process on defendant CRC in compliance with Fed. R. Civ. P. 4(h) within 28 days of the date of service of this order.  Failure to do so will result in a recommendation that this action

---

[3] The court notes that, according to the California Secretary of State's website, California Reconveyance Company's designated agent for service of process is CT Corporation System, 818 W Seventh St., Los Angeles, CA 90017.  See http://kepler.sos.ca.gov/cbs.aspx.

1  be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

2            In light of the above, IT IS HEREBY ORDERED that:

3            1.  Plaintiff's motion to decide her motions for default judgment without a hearing

4  (dkt. no. 18) is granted;

5            2.  Plaintiff's motions for default judgment (dkt. nos. 15, 16) are denied without

6  prejudice;

7            3.  The clerk's entry of default (dkt. no. 13) is set aside; and

8            4.  Plaintiff shall complete service of process on defendant California

9  Reconveyance Company in compliance with Fed. R. Civ. P. 4(h) within 28 days of the date of

10  service of this order.  Failure to do so will result in a recommendation that this action be

11  dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

12  DATED: January 6, 2012

13            /s/ Gregory G. Hollows
             UNITED STATES MAGISTRATE JUDGE

14

GGH/wvr
15  weahunt.2299.default.serv.wpd